IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marcia Boone, | ) | C/A No. 0:13-726-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, *Acting Commissioner of Social Security*, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on the Plaintiff's petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, and the parties' Stipulation for an Award of Attorney Fees. (ECF Nos. 21 & 22.) The parties notified the court that the parties agreed to a settlement in which the Defendant agrees to pay the Plaintiff $5,687.00 in attorney's fees representing 32.5 hours at the rate of $175.00 per hour. The court has reviewed the Petition and the Stipulation and, applying the test in accordance with the EAJA, finds the amount reasonable. See 28 U.S.C. § 2412(d)(1)(A) (providing that a court shall award reasonable attorney's fees to a prevailing party in certain civil actions against the United States unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust); Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991) (stating that "[e]ligibility for an award of fees under the EAJA requires: (1) that the claimant be a 'prevailing party'; (2) that the government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) that the fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement" and that the government bears "the burden of

proving that its litigation position was substantially justified") (quoting 28 U.S.C. § 2412). It is therefore

**ORDERED** that the Plaintiff's petition for attorney's fees pursuant to the EAJA be granted in the amount of $5,687.00 in attorney's fees. EAJA fees awarded by this court belong to the Plaintiff and are subject to offset under the Treasury Offset Program (31 U.S.C. § 3716(c)(3)(B) (2006)). If the Plaintiff has no debt subject to offset and no proper assignment has been made by the Plaintiff to counsel, the Defendant is directed to make the check due pursuant to this Order payable to the Plaintiff and delivered to the Plaintiff's counsel.

October 21, 2014  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE